IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| LAURA LANE NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-059 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

The Court **GRANTS** Defendant's Motion to Stay pending resolution of its Motion to Compel Arbitration.  (Doc. no. 18.)  Thus, Plaintiff's consent motion for extension of time to furnish expert witness reports and motion for entry of a protective order are **MOOT**.  (Doc. nos. 23, 24.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).  Based on a preliminary peek at the motion to compel arbitration, (doc. no. 17), and after balancing the costs and burdens to the parties, the

Court concludes discovery should be stayed pending resolution of Defendant's motion.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Plaintiff argues a stay of discovery is not warranted because Defendant failed to carry its burden to show the existence of a valid arbitration agreement, citing Thomas v. Sherwin P. Robin & Assocs., P.C., No. 1:16-CV-2529-AT-AJB, 2017 WL 8186864, *3 (N.D. Ga. Sept. 7, 2017) *adopted by* WL 8186865 (N.D. Ga. Oct. 20, 2017).  (See doc. no. 20.)  While the ultimate issue is for the District Judge to decide when ruling on the motion to compel, the evidence and arguments in favor of compelling arbitration are sufficiently credible to justify the stay.  See, e.g., PhosAsset GmbH v. Gulfstream Aerospace Corp., No. CV421-205, 2021 WL 9217154, at *2 (S.D. Ga. Dec. 6, 2021) (granting stay where motion to compel arbitration did "not appear to be meritless.").

Plaintiff contends a stay will do more harm than good.  (Doc. no. 20, p. 5.)  However, "'allowing discovery at this juncture will force upon Defendant[] the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement.' This consideration is more important than any inefficiencies caused by the stay."  Workman v. Hire Techs., Inc., No. CV 120-070, 2020 WL 5637083, at *1 (S.D. Ga. Sept. 21, 2020) (quoting Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc., No. CV 12-00027-KD-B, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012)).

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motion to compel arbitration.  Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District

Judge, in his ruling on the pending motion to compel, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

      SO ORDERED this 20th day of February, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
